IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **WADE WINDHAM,** § | § | **CIVIL ACTION NO.** |
| *Plaintiff,* § | § | |
| § | § | _____ |
| **VS.** § | § | |
| § | § | **JURY TRIAL DEMANDED** |
| **UNITED STATES OF AMERICA,** § | § | |
| *Defendant* § | § | **TEXAS** |
| § | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES WADE WINDHAM, hereinafter referred to by name or as **"Plaintiff,"** and complains of **THE UNITED STATES OF AMERICA**, for the actions of its agency **THE UNITED STATES POSTAL SERVICE**, hereinafter referred to by name or as **"Defendant,"** and for cause of action would respectfully show unto the Court as follows:

**I.**

**PARTIES AND SERVICE OF CITATION**

1.      Plaintiff **WADE WINDHAM** is an individual residing in the city of San Antonio, Bexar County, Texas, which lies within the boundaries of the Western District of Texas – San Antonio Division.

2.      Defendant **THE UNITED STATES OF AMERICA** is a governmental entity.  The Defendant may be served with summons upon serving the Attorney General of the United States, Merrick B. Garland.  Merrick B. Garland is the agent for service of process for Defendant, and is

located at the United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530. The Defendant may be served via registered or certified mail.

3. Defendant **THE UNITED STATES OF AMERICA** is a governmental entity. The Defendant may be served with summons upon the agent for service of process for the United States Attorney for the Western District of Texas, Stephanie Rico. Stephanie Rico is the agent for service of process for Defendant, and is located at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

4. The **UNITED STATES POSTAL SERVICE** is an agency of Defendant **THE UNITED STATES OF AMERICA.** A courtesy copy of this complaint will be forwarded to the United States Postal Service Law Department, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

5. Plaintiff, upon filing, will send a certified copy of his complaint and summons to the civil process clerk for the United States Attorney's Office for the Western District of Texas and to the Attorney General, referenced in paragraphs 2 and 3 herein.

6. Employee of Defendant, **DEANDRE DUGAN** was the operator of Defendant's motor vehicle and/or was acting in the course and scope of his employment and in his official capacity or under color of the office or legal authority for Defendant **THE UNITED STATES OF AMERICA**.

## II.

## JURISDICTION & VENUE

7. The claims herein are brought against Defendant **THE UNITED STATES OF AMERICA** are pursuant to the Federal Tort Claims Act, 28 U.S.C § 2671 *et seq.* and 28 U.S.C §

1346(b) for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and/or omissions of employee(s) of **THE UNITED STATES OF AMERICA** while acting within the course and scope of his office and employment, under circumstances where the United States, if a private person would be liable to the Plaintiff in accordance with the laws of the State of Texas.

8. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of the suit occurred in Hidalgo County, Texas, which is within the Western District of Texas – San Antonio Division.

### III.

### CONDITIONS PRECEDENT

9. Plaintiff asserts that all conditions precedent to the bringing of the cause of action have been performed or have occurred prior to the filing of the cause of action at bar. Plaintiff has complied with conditions precedent and the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendant.

10. The suit has been timely filed, in that Plaintiff timely served notice of his claims on the appropriate federal agency, **THE UNITED STATES POSTAL SERVICE** (Exhibit "**A.**"). Plaintiff's claim packet was sent to the UNITED STATES POSTAL SERVICE on or about September 8, 2021, in which Plaintiff presented his claims to the UNITED STATES POSTAL SERVICE for the purposes of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 & 28 U.S.C. §§ 2671-2680.

11. Defendant acknowledge receipt of and actual notice of Plaintiff's claims in writing, on or about April 14, 2022.

12. More than six (6) months have elapsed since Defendant's actual notice of Plaintiff's claims. Plaintiff has exhausted his administrative remedies as required by the FTCA prior to filing this suit.

13. The appropriate federal agency, **THE UNITED STATES POSTAL SERVICE,** issued a final denial of Plaintiff's claims prior to the filing of this complaint, pursuant to 28 U.S.C. § 2675.

## IV.

## FACTUAL ALLEGATIONS

14. On or about June,7, 2020, Plaintiff **WADE WINDHAM** was operating a vehicle, a 2007 Honda Fit, in a lawful manner when driving in the parking lot of the Goodwill store located at 11654 Bandera Road, San Antonio, Texas 78249 when **DEANDRE DUGAN**, who was operating a Dodge Ram Van, and who was acting within the course and scope of his employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES POSTAL SERVICE** negligently struck Plaintiff's motor vehicle while Defendant was backing out of his parking space. **DEANDRE DUGAN**, suddenly and without warning, and struck the side of Plaintiff **WADE WINDHAM'S** motor vehicle at high speed while he was reversing out of his parking space.

15. As a result of the collision, the investigating law enforcement officer(s) – City of San Antonio Police Officer Devin Day (Badge No. 0490) – was called to the scene of the crash and, after his investigation, found **DEANDRE DUGAN**, to be the at-fault driver responsible for the

collision. A Copy of the investigating officer's Incident Detail Report is attached to the complaint as **Exhibit "B."**

16. Motor vehicle operator **DEANDRE DUGAN** failed to use ordinary care by various acts and omissions, including, but not limited to, reversing when it was unsafe to do so, demonstrating driver inattention, failing to maintain a proper lookout, failing to properly and timely apply his brakes, failing to keep an assured clear distance, operating his vehicle while distracted, and operating his vehicle at an unsafe speed under the circumstances, and other acts and omissions, each and all of which were negligence, negligence per se, gross negligence, and a proximate cause of injuries and damages to Plaintiff.

17. The impact from Defendant'' vehicle was of such force that it caused significant property damage to Plaintiff's vehicle. As a direct and proximate result of this incident, Plaintiff sustained serious bodily injuries and damages, including to his knee, head, neck, back, and shoulders. It was necessary for Plaintiff to seek immediate medical treatment as a result of his bodily injuries.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT

### A.   NEGLIGENCE

18. The occurrence made the basis of the suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant, who operated its motor vehicle in a negligent manner by violating the duties to which it owed the Plaintiff to exercise ordinary care in the operation of its motor vehicle, in one or more of the following respects:

a.  In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

b.  In failing to timely and properly apply the brakes to the vehicle that they were operating, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

c.  In operating their vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under similar circumstances;

d.  In failing to blow their horn warning of imminent danger;

e.  In failing to maintain an assured, clear distance to avoid striking the vehicle to the left of them;

f.  In driving a motor vehicle in willful or wanton disregard for the safety of other persons on the roadway;

g.  In failing to turn the vehicle that they were operating in another direction to avoid an impending collision, as would have a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

h.  In failing to keep the vehicle that they were operating under proper control, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

i.  In demonstrating driver inattention;

j.  In failing to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein;

k.  In failing to comply with the duty to operate a motor vehicle in accordance with the conditions at the time;

l.  In failing to take proper evasive actions to avoid the crash complained of;

m.  In failing to maintain an adequate distance from the other vehicles on the roadway in order to avoid the collision;

n.  In failing to drive within a single lane;

o.  In making a lane change when it was unsafe to do so; and,

p.  Such other and further acts of negligence as may be shown at trial.

19.     At the time and on the occasion in question, **DEANDRE DUGAN** failed to act as a reasonable prudent driver or person would or should under the same or similar circumstances, and was the sole proximate cause of the collision and Plaintiff's injuries.

## B.     NEGLIGENCE PER SE

20.     Further, **DEANDRE DUGAN** failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, § 545.351 pursuant to the Negligence Per Se Doctrine which mandates that:

> **§ 545.351 Maximum Speed Requirement**
>
> (a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
>
> (b) An operator:
>    (1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and,
>    (2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.
>
> (c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:
>    (1) The operator is approaching and crossing an intersection or railroad grade crossing;

## VI.

## DAMAGES

21.     As a direct and proximate result of the collision and the negligent conduct of **DEANDRE DUGAN**, acting in the course and scope of his employment and in his official capacities or under

color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, Plaintiff **WADE WINDHAM** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. Plaintiff's injuries are permanent in nature. Plaintiff's injuries have had an effect on the Plaintiff's health and well-being. Plaintiff has incurred lost wages and a loss of earning capacity as a direct and proximate result of the motor vehicle collision made the basis of this claim. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain, physical impairment, and mental anguish.

22. As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past, and may incur medical expenses in the future to treat his injuries.

23. Plaintiff has also suffered losses and damages to his property, including but not limited to damage to the vehicle he was operating at the time of the incident made the basis of this claim.

24. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court for which he now sues.

25. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. Plaintiff seeks monetary relief of **Five-Hundred Three Thousand Five-Hundred And 00/100 Dollars ($503,500.00)** and a demand for judgment for all the relief to which Plaintiff is justly entitled at the time of filing the suit, which, with the passage of time, may change.

## VII.

## COSTS AND INTEREST

26.     It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute the cause of action.  Therefore, Plaintiff further requests both pre-judgment and post-judgment interest on all of his damages as allowed by law.

## VIII.

## DEMAND FOR JURY TRIAL

27.     Plaintiff asserts his right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues

## IX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, that the Plaintiff have a judgment against the Defendant in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.      Pain and suffering in the past;
2.      Pain and suffering in the future;
3.      Mental anguish in the past;
4.      Mental anguish in the future;
5.      Past medical expenses;
6.      Future medical expenses;
7.      Physical impairment in the past;
8.      Physical impairment in the future;
9.      Physical disfigurement in the past;

10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages.

Respectfully Submitted,

**THE LAW OFFICES OF THOMAS J. HENRY**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601


By: _____
**STEVEN G. MARQUEZ**
Texas State Bar No.: 24043801
Email: smarquez-svc@tjhlaw.com *

**ATTORNEYS FOR PLAINTIFF**
**WADE WINDHAM**

* service to email address only